PEOPLE OF PORTO RICO EX REL. EUGENIO PADILLA RÍOS ET AL., Petitioners and Appellants, *v.* JOAQUÍN OMS-SULSONA ET AL., Respondents and Appellees.

No. 3882. Argued April 15, 1926.—Decided July 15, 1926.

*Benet & Souffront* for the appellants. *Luis Muñoz Morales* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellants, mulcted in costs, appeal and allege that the award of attorney's fees is excessive. The proceeding was one of *quo warranto,* begun with the consent of the Attorney General. In the original suit the district court rendered judgment for the defendant because it thought certiorari was the exclusive remedy. We held that certiorari was not the only remedy, but affirmed the judgment on the ground that the writ, under the election law, was presented too late. *People* v. *Oms et al.,* 34 P.R.R. 435.

Thus it appears that the appellants had the consent of the Attorney General in suing out their writ and only failed in having a hearing on the merits by reason of the prescription of the action, which should have been brought within fifteen days after the announcement of the election. The petition would tend to reveal that the petitioners would not have been adjudged greatly blameworthy (*temerario*) if they had failed to win their suit.

We agree with the appellee, however, that independently of any question of blame (*temeridad*), under the Act of 1902, Revised Statutes, sec. 1324, governing *quo warranto,* a defendant is entitled to a reasonable attorney's fee. This section says:

"Whenever judgment is rendered in favor of any defendant such defendant shall recover from the relator his costs including a reasonable attorney's fee."

In *People ex rel. Salgado* v. *López,* 30 P.R.R. 242, the court below had awarded attorney's fees to the petitioner in a *quo warranto* proceeding and the contention was that only the defendant was entitled to such attorney's fees under said Act of 1902. We felt bound to hold that section 327

of the Code of Civil Procedure was a law of general application and that the intention of the Legislature was to include all cases where a different intent was not already shown. In other words, that a petitioner was also entitled to fees under the general law. This does not militate against the intention of the Legislature that under the said Act of 1902 a reasonable attorney's fee should be awarded to the defendant whose right to hold his office had been unsuccessfully assailed. It is in general to the public interest that officers should perform their functions.

It was within the scope of either party to this suit to know that the proceeding of *quo warranto* was begun too late. The merits of petitioner's claim, hence, can play no great role. The defendant could have defended simply, alleging the prescription, but he was obliged to employ counsel. Under the circumstances set forth we think three hundred dollars would be a reasonable attorney's fee.

The amount awarded must be reduced to $300 and as modified the judgment will be affirmed.

Mr. Chief Justice Del Toro dissented.